UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, et al., | No. 2:13-cv-0784 MCE DAD |
| Plaintiffs, | ORDER |
| v. | |
| STEELE INSURANCE AGENCY, INC., et al., | |
| Defendants. | |

        On October 25, 2013, the parties submitted a proposed stipulated protective order regarding the use of confidential information for the court's consideration. That proposed stipulated protective order provides that any motion challenging the designation of a document as confidential will be governed by Local Rules 37-1 and 37-2. (Doc. No. 44 at 15.) There are, however, no Local Rules of this court designated 37-1 and 37-2.

        Moreover, the parties' proposed stipulated protective order does not address why there is a particularized need for protection as to individual documents or pieces of information in this action. Stipulations and motions for entry of a protective order must (1) show a particularized need for protection as to each individual document or piece of information proposed to be covered by the order, (2) show why the need for protection should be addressed by

court order, as opposed to a private agreement between or among parties, and (3) describe the types of documents or information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the types of documents or information. See San Jose Mercury News v. U.S. District Court, 187 F.3d 1096, 1103 (9th Cir. 1999) (holding that blanket stipulated protective orders "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"); Local Rule 141.1.

Finally, it is not clear from the parties' proposed stipulated protective order if their agreement contemplates that the court will retain jurisdiction over the enforcement of the stipulated protective order even after this lawsuit terminates. In this regard, the parties are advised that Local Rule 141.1(f) provides that once the Clerk has closed an action, unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action.

The parties' request for entry of the proposed stipulated protective order will, therefore, be denied without prejudice to the submission of a stipulated protective order that cures these defects.

Accordingly, **IT IS ORDERED** that the parties' October 25, 2013 request for entry of the proposed stipulated protective order (Doc. No. 44) is denied without prejudice.

Dated: November 1, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.civil\farmers0784.stip.protord.den.doxc