UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARMERS INSURANCE EXCHANGE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEELE INSURANCE AGENCY, INC., et al., <br><br> Defendants. | No. 2:13-CV-00784-MCE-DAD <br><br> **MEMORANDUM AND ORDER** |

Through this action, Plaintiffs Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, and Farmers New World Life Insurance Company (collectively "Plaintiffs" or "Farmers") seek relief from Defendants Steele Insurance Agency, Troy Steele ("Steele"), Ted Blalock ("Blalock"), Larry McCarren ("McCarren"), Bill Henton ("Henton"), and Cindy Jo Perkins ("Perkins") (collectively "Defendants") for the alleged misappropriation of Plaintiffs' trade secrets, as well as other violations of state and federal law pertaining to the operation of Plaintiffs' and Defendants' respective insurance companies.

///

///

///

Specifically, the operative Second Amended Complaint ("SAC") alleges the following causes of action: (1) breach of contract against McCarren; (2) misappropriation of trade secrets against all Defendants; (3) violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C), against Perkins and Henton; (4) violation of the CFAA, 18 U.S.C. § 1030(a)(4), against Perkins and Henton; and (5) civil conspiracy against all Defendants.  SAC, Dec. 16, 2013, ECF No. 48.

Presently before the Court is Blalock's Motion to Dismiss Plaintiffs' fifth cause of action ("Blalock Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6)[1] for failure to state a claim upon which relief can be granted.  Blalock Mot., Jan. 3, 2014, ECF No. 50.  Also before the Court is a Motion to Dismiss Plaintiffs' fifth causes of action by the Steele Insurance Agency, Steele, McCarren, Henton, and Perkins' ("Steele Motion") pursuant to Rule 12(b)(6).  Steele Mot., Dec. 27, 2013, ECF No. 49.  Farmers timely opposed these Motions.  Pls.' Opp'n, Jan. 23, 2014, ECF No. 51; Pls.' Opp'n, Jan. 23, 2014, ECF No. 52.  For the reasons set forth below, both Motions are DENIED.[2]

## BACKGROUND[3]

According to Plaintiffs, Defendants formed and operated a conspiracy to illegally misappropriate and use Farmers' trade secret protected policyholder information for the purpose of soliciting Farmers customers away from Farmers and towards the Steele Insurance Agency.

///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise stated.

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

[3] Because the parties are familiar with the general background of this case, the Court will recite only the additional facts alleged in the Second Amended Complaint which are relevant to the Court's disposition of the Motions.  This recitation of facts is taken, at times verbatim, from the SAC.  ECF No. 48 at 18-20.  Additional facts may be found in the Court's previous Order, Nov. 14, 2013, ECF No. 47.

Specifically, Defendants agreed amongst themselves to illegally misappropriate and use Farmers' trade secret protected policyholder information for the purpose of soliciting Farmers' customers away from Farmers and to the Steele Insurance Agency. Defendants engaged in wrongful conduct in furtherance of the conspiracy, including but not limited to misappropriation and use of electronic and paper copies of Farmers' trade secret protected policyholder information and through the unauthorized use and access of Farmers' proprietary computer system.

Blalock, Steele, and the Steele Insurance Agency led the conspiracy, formulating the goals and methods of the scheme, and enticing and recruiting others to take part in it. These Defendants recruited and enticed McCarren, Perkins, and Defendant Henton, and sought to entice Ms. Castro, to join the conspiracy and to take actions in furtherance of the conspiracy. By misappropriating Farmers' trade secrets, McCarren acted in coordination with, and pursuant to the directions of, Blalock, Steele, and the Steele Insurance Agency. For example, McCarren downloaded confidential customer information regarding Farmers customers whom McCarren had serviced, and solicited them to purchase insurance products offered by the Steele Insurance Agency. Perkins also misappropriated trade secrets in coordination with, and pursuant to the directions of, Blalock, Steele, and the Steele Insurance Agency. For example, Perkins downloaded confidential customer information for Farmers customers who bought Farmers insurance products from Charlie Finister. Perkins used that information to solicit those customers to purchase insurance products from the Steele Insurance Agency. Finally, Defendant Henton acted in coordination with, and at the direction of, Blalock, Steele, and the Steele Insurance Agency, when he misappropriated Farmers' trade secrets.

According to Plaintiffs, Defendants each had knowledge of the unlawful objectives of the conspiracy, and intended to achieve these objectives. Plaintiffs point to the affirmative actions that Defendants took to achieve the goals of the conspiracy—namely, misappropriating and using Farmers' policyholder information, and accessing and using (without authorization) Farmers' proprietary computer system.

The conspiracy was successful, as it caused numerous Farmers' policyholders to switch from Farmers to the Steele Insurance Agency.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

///
///
///
///

1    Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket
2  assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and
3  quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard
4  to see how a claimant could satisfy the requirements of providing not only 'fair notice' of
5  the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles
6  Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough
7  facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . .
8  have not nudged their claims across the line from conceivable to plausible, their
9  complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed
10 even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a
11 recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.
12 232, 236 (1974)).

13   A court granting a motion to dismiss a complaint must then decide whether to
14 grant leave to amend.  Leave to amend should be "freely given" where there is no
15 "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice
16 to the opposing party by virtue of allowance of the amendment, [or] futility of the
17 amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.
18 Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to
19 be considered when deciding whether to grant leave to amend).  Not all of these factors
20 merit equal weight.

21   Rather, "the consideration of prejudice to the opposing party . . . carries the
22 greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir.
23 1987).  Dismissal without leave to amend is proper only if it is clear that "the complaint
24 could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d
25 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir.
26 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave
27 need not be granted where the amendment of the complaint . . . constitutes an exercise
28 in futility . . . .")).

5

# ANALYSIS

Farmers alleges five causes of action. Defendants move to dismiss only the fifth cause of action for civil conspiracy. Each Defendant argues that Farmers' claim for civil conspiracy fails to state a claim upon which relief can be granted, and is preempted by the California Uniform Trade Secrets Act ("UTSA").

As set forth in the Court's prior order, civil conspiracy "is not a cause of action but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510 (1994) (citing Wyatt v. Union Mortgage Co., 24 Cal.3d 773, 784 (1979)); see also Entm't Research Grp. Inc. v. Genesis Creative Grp., Inc., 122 F.3d 1211, 1228 (9th Cir. 1997). "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." Applied Equip. Corp., 7 Cal. 4th at 511.

As a preliminary matter, as the Court's prior order held, the UTSA does not preempt this claim. Courts applying California law have found that claims "based entirely on the same factual allegations that form the basis of [the] trade secrets claim" are preempted. Callaway Golf Co. v. Dunlop Slazenger Grp. Ams., Inc., 318 F. Supp. 2d 216, 220 (D. Del. 2004) (applying California law); see also Gabriel Techs. Corp. v. Qualcomm Inc., No. 08cv1992-MME(PQR), 2009 WL 3326631, at *11 (S.D. Cal. Sept. 3, 2009) ("California courts have adopted a broad view of preemption in this area and have held that common law claims that are based on the same nucleus of facts as a misappropriation claim are preempted."). "Preemption is not triggered where the facts in an independent claim are similar to, but distinct from, those underlying the misappropriation claim." Gabriel Techs., 2009 WL 3326631, at *11. Thus, "the preemption inquiry for those causes of action not specifically exempted by [section] 3426.7(b) focuses on whether other claims are no more than a restatement of the same operative facts supporting trade secret misappropriation.

If there is no material distinction between the wrongdoing alleged in a UTSA claim and that alleged in a different claim, the USTA preempts the other claim." Id. (quoting Convolve, Inc. v. Compaq Computer Corp., No. 00 CV 5141(GBD), 2006 WL 839022, at *6 (S.D.N.Y. Mar 31, 2006) (applying California law)).

As stated in the Court's prior order addressing this same issue, Farmers alleges additional facts, such as the agreement to steal trade secrets and the formation of the conspiracy, that factually differentiate this claim from a misappropriation claim, although the harm is the same. Accordingly, Farmers' conspiracy claim is not preempted by the UTSA.

The Court next turns to whether Farmers has successfully stated a claim for civil conspiracy. The elements of a civil conspiracy are: (1) the formation and operation of a conspiracy; (2) wrongful conduct in furtherance of the conspiracy; and (3) damages arising from the wrongful conduct. Applied Equip., 7 Cal. 4th at 511; see also Doctors' Co. v. Superior Court, 49 Cal. 3d 39, 44 (1989). Each member of the alleged conspiracy must be legally capable of committing the underlying tort -- that is, each member must owe a duty to the plaintiff that is recognized by law and must be potentially subject to liability for breach of that duty -- and must intend the success of the purpose of the conspiracy. Applied Equip., 7 Cal.4th at 511. In addition, all elements of the underlying tort must be satisfied. See id. If the plaintiff fails to adequately plead the underlying claim, the corresponding conspiracy claim must also fail. Id.

The Court finds that Farmers has cured the defects in its prior Complaint, and has successfully stated a claim for civil conspiracy, stemming from Farmers' claim for trade secret misappropriation. Farmers clearly alleges specific actions on the part of each Defendant showing how the conspiracy was formed and operated, the wrongful conduct that each Defendant engaged in to further the conspiracy's aims, and the damages that Farmers has suffered as a result.

///

///

Farmers has also successfully pleaded the underlying tort of misappropriation of trade secrets as to each Defendant.  Notably, Defendants do not move to dismiss Farmers' claim for misappropriation of trade secrets, and the Court previously found that claim was adequately pled.  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. at 47). Farmers' SAC meets this standard.

Accordingly, the Motions are each DENIED.

## CONCLUSION

For the reasons just stated, Defendant Blalock's Motion to Dismiss, ECF No. 50, is DENIED.  Defendant Steele Insurance Agency, Troy Steele, Larry Mccarren, Bill Henton, and Cindy Jo Perkins' Motion to Dismiss, ECF No. 49, is also DENIED.

IT IS SO ORDERED.

Dated:  February 4, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT