1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   FARMERS INSURANCE EXCHANGE,          No.  2:13-cv-00784-MCE-DAD
     et al.,
12
                    Plaintiffs,
13                                         **MEMORANDUM AND ORDER**

14        v.

     STEELE INSURANCE AGENCY, INC.,
15   et al.,

16                  Defendants.

17   ---------------------------------------------------

18   AND RELATED CROSS ACTION

19

20        Through this action, Plaintiffs Farmers Insurance Exchange, Truck Insurance

21   Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, and Farmers

22   New World Life Insurance Company (collectively "Cross-Defendants" or "Farmers") seek

23   relief from Defendants Steele Insurance Agency, Troy Steele ("Steele"), Ted Blalock

24   ("Blalock"), Larry McCarren ("McCarren"), Bill Henton ("Henton"), and Cindy Jo Perkins

25   ("Perkins") (collectively "Cross-Claimants") for the alleged misappropriation of Cross-

26   Defendants' trade secrets, as well as other violations of state and federal law pertaining

27   to the operation of Cross-Defendants' and Cross-Claimants' respective insurance

28   companies.  Specifically, the operative Second Amended Complaint ("SAC") alleges the

                                        1

1   following causes of action: (1) breach of contract against McCarren; (2) misappropriation

2   of trade secrets against all Defendants; (3) violation of the Computer Fraud and Abuse

3   Act ("CFAA"), 18 U.S.C. § 1030(a)(2)(C), against Perkins and Henton; (4) violation of the

4   CFAA, 18 U.S.C. § 1030(a)(4), against Perkins and Henton; and (5) civil conspiracy

5   against all Defendants.  SAC, Dec. 16, 2013, ECF No. 48.

6          Cross-Claimants now bring a claim against Cross-Defendants for interference

7   with prospective business advantage.  Presently before the Court is Cross-Defendants'

8   Anti-SLAPP Motion to Strike the cross-claim, ECF No. 60, and Cross-Defendants'

9   Motion to Dismiss the cross-claim for failure to state a claim pursuant to Federal Rule of

10  Civil Procedure 12(b)(6), ECF No. 61.  For the reasons set forth below, the anti-SLAPP

11  motion, ECF No. 60, is GRANTED WITH LEAVE TO AMEND and the Motion to Dismiss,

12  ECF No. 61, is DENIED AS MOOT.

13

14                          **BACKGROUND**[1]

15

16         Cross-Defendants are a group of insurance exchanges, each of which sells

17  Farmers Insurance.  Cross-Claimants are the Steele Insurance Agency and individuals

18  that were formerly Farmers insurance agents, district managers, or somehow affiliated

19  with Farmers.  Troy Steele, a former Farmers District Manager, left Farmers to start the

20  Steele Insurance Agency.  Cross-Defendants' Second Amended Complaint generally

21  alleges that former Farmers insurance agents and District Managers misappropriated

22  Farmers' trade secrets by downloading and copying Farmers' customer lists off Farmers'

23  online "dashboard."  The lists contain customer information such as when the customer's

24  policy would be up for renewal, and what types of insurance the customer had.  Cross-

25  Defendants also allege that Cross-Claimants took advantage of elderly or ill Farmers

26         [1] Because the parties are familiar with the background of this case, this section recites only a
27  general overview of the facts, as well as the additional facts alleged in the Cross-Complaint, which are
    relevant to the Court's disposition of the Motions.  These facts are taken, at times verbatim, from the
    Cross-Complaint.  ECF No. 58-1.  Additional facts may be found in the Court's previous Order, Nov. 14,
28  2013, ECF No. 47.

1   agents, using those agents' information to gain access to Farmers' customer lists.

2   Cross-Defendants claim that Cross-Claimants have improperly solicited Farmers

3   customers and convinced them to switch to Steele Insurance Agency.  Cross-

4   Defendants allege they have lost approximately two hundred customers to Steele

5   Insurance Agency.

6          In their Cross-Claim, Cross-Claimants Steele and Steele Insurance Agency assert

7   that "Cross-Defendants falsely and fraudulently claimed and communicated that Cross-

8   Claimants misappropriated cross-defendants' trade secrets by improper means in

9   violation of [the UTSA] . . . ."  ECF No. 58-1 at 4.  Cross-Claimants also allege that

10  Cross-Defendants "[f]alsely and fraudulently claimed and communicated that Cross-

11  [C]laimants misappropriated Cross-[D]efendants' confidential policyholder information for

12  the purpose of soliciting, directing, retaining, or utilizing Cross-[D]efendants' confidential

13  policyholder information to have the policyholder switch their insurance business . . . ."

14  Id.  Additionally, Cross-Claimants allege that Cross-Defendants  "[f]alsely claimed and

15  communicated that Cross-[C]laimants formed and operated a conspiracy to illegally

16  misappropriate, steal, and use Cross-[D]efendants' trade secret protected policyholder

17  information. . . ."  Id.  Finally, Cross-Claimants allege that Cross-Defendants "falsely

18  accus[ed] Cross-Claimants of engaging in wrongful conduct including but not limited to

19  falsely claiming Cross-[C]laimants' misappropriation and use of electronic and paper

20  copies of Cross-[D]efendants' trade secret protected policyholder information and

21  through the unauthorized use and access of Cross-[D]efendants' proprietary computer

22  system."  Id.  According to Cross-Claimants, as a result of this wrongful conduct, their

23  relationship with their customers and various insurance carriers has been disrupted and

24  cross-claimants have lost income.

25  ///

26  ///

27  ///

28  ///

1

**STANDARD**[2]

2

3        California's anti-SLAPP (strategic lawsuit against public participation) statute is

4   designed to discourage suits that "masquerade as ordinary lawsuits but are brought to

5   deter common citizens from exercising their political or legal rights or to punish them for

6   doing so."  Batzel v. Smith, 333 F.3d 1018, 1024 (9th Cir. 2003).  The statute provides:

7                A cause of action against a person arising from any act of
             that person in furtherance of the person's right of petition or
8            free speech under the United States Constitution or the
             California Constitution in connection with a public issue shall
9            be subject to a special motion to strike, unless the court
             determines that the plaintiff has established that there is a
10           probability that the plaintiff will prevail on the claim.

11   Cal. Civ. Proc. Code § 425.16(b)(1).  The anti-SLAPP statute "was enacted to allow early

12   dismissal of meritless first amendment cases aimed at chilling expression through costly,

13   time-consuming litigation."  Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir.

14   2001).  In particular, the California Legislature found:

15               There has been a disturbing increase in lawsuits brought
             primarily to chill the valid exercise of the constitutional rights
16           of freedom of speech and petition for the redress of
             grievances.  The Legislature finds and declares that it is in
17           the public interest to encourage continued participation in
             matters of public significance, and that this participation
18           should not be chilled through abuse of the judicial process.

19
     Cal. Civ. Proc. Code § 425.16(a).  The Legislature specifically provided that the anti-
20
     SLAPP statute should be "construed broadly."  Id.; see Briggs v. Eden Council for Hope
21
     & Opportunity, 19 Cal. 4th 1106, 1119 (1999).
22
            The anti-SLAPP motion is available in federal court.  Thomas v. Fry's Elecs., Inc.,
23
     400 F.3d 1206 (9th Cir. 2005) (per curiam).  The court must evaluate an anti-SLAPP
24
     motion in two steps.  First, the defendant moving to strike must make "a threshold
25
     showing . . . that the act or acts of which the plaintiff complains were taken 'in
26
     furtherance of the [defendant's] right of petition or free speech under the United States or
27

28   [2] Because the Court addresses the merits of the anti-SLAPP motion only, the standard for a
     motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is not included below.

1    California Constitution in connection with a public issue,' as defined in [subsection (e) of]

2    the statute." Hilton v. Hallmark Cards, 599 F.3d 894, 903 (9th Cir. 2010) (quoting Cal.

3    Civ. Proc. Code § 425.16(b)(1)).

4         Second, "[i]f the court finds that such a showing has been made, it must then

5    determine whether the plaintiff has demonstrated a probability of prevailing on the

6    claim." Navellier v. Sletten, 29 Cal.4th 82 (2002); see also U.S. ex rel. Newsham v.

7    Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 971 (9th Cir. 1999).  "Put another

8    way, the plaintiff must demonstrate that the complaint is both legally sufficient and

9    supported by a sufficient prima facie showing of facts to sustain a favorable judgment if

10   the evidence submitted by the plaintiff is credited." Wilson v. Parker, Covert & Chidester,

11   28 Cal. 4th 811, 821 (2002) (internal quotation marks omitted); Batzel v. Smith, 333 F.3d

12   1018, 1024 (9th Cir. 2003).  "[T]hough the court does not weigh the credibility or

13   comparative probative strength of competing evidence, it should grant the motion if, as a

14   matter of law, the defendant's evidence supporting the motion defeats the plaintiff's

15   attempt to establish evidentiary support for the claim." Wilson, 28 Cal. 4th at 821; Cal.

16   Civ. Proc. Code § 425.16(b)(2).  Thus, "[t]he statute 'subjects to potential dismissal only

17   those actions in which the plaintiff cannot state and substantiate a legally sufficient

18   claim.'" Navellier, 29 Cal. 4th at 92.

19        "Only a cause of action that satisfies both prongs of the anti-SLAPP statute—i.e.,

20   that arises from protected speech or petitioning and lacks even minimal merit—is a

21   SLAPP, subject to being stricken under the statute." Id. at 89.  "These rules apply with

22   equal force to an anti-SLAPP motion brought by a cross-defendant, since section 425.16

23   'treats complaints identically with cross-complaints.'" Kurz v. Syrus Sys., LLC,

24   221 Cal. App. 4th 748, 758 (2013).

25   ///

26   ///

27   ///

28   ///

1

**ANALYSIS**

2

3     In deciding the instant anti-SLAPP motion to strike, the Court must address three

4     major issues.  First, the Court must determine whether Plaintiffs have met their burden

5     by making a threshold showing that the acts of which Cross-Claimants complain were

6     taken in furtherance of Plaintiffs' right of free speech in connection with a public issue.

7     Second, the Court must address Cross-Claimants' contention that the First Amended

8     Complaint is exempt from anti-SLAPP motions pursuant to California Civil Procedure

9     Code § 425.17.  Finally, the Court must determine whether Cross-Claimants have met

10    their burden of making a threshold showing their Cross-Complaint is legally sufficient

11    and supported by a prima facie showing of facts.  Each issue is addressed in turn,

12    below.

13        **A.      Cross-Defendants' Burden**

14        First, the activity the plaintiff challenges must have been conducted "in

15    furtherance" of the exercise of free speech rights.  <u>Hilton</u>, 599 F.3d at 903.  "By its terms,

16    this language includes not merely actual exercises of free speech rights but also conduct

17    that furthers such rights."  <u>Id.</u> (citing Cal. Civ. Proc. Code § 425.16(e)(4); <u>Navellier</u>,

18    29 Cal. 4th at 94 ("The [California] [l]egislature did not intend that in order to invoke the

19    special motion to strike the defendant must first establish her actions are constitutionally

20    protected under the First Amendment as a matter of law.")).

21        As used in the anti–SLAPP statute, an "act in furtherance of a person's right of

22    petition or free speech under the United States or California Constitution in connection

23    with a public issue" includes: (1) any written or oral statement or writing made before a

24    legislative, executive, or judicial proceeding, or any other official proceeding authorized

25    by law; (2) any written or oral statement or writing made in connection with an issue

26    under consideration or review by a legislative, executive, or judicial body, or any other

27    official proceeding authorized by law; (3) any written or oral statement or writing made in

28    a place open to the public or a public forum in connection with an issue of public interest;

1  (4) or any other conduct in furtherance of the exercise of the constitutional right of

2  petition or the constitutional right of free speech in connection with a public issue or an

3  issue of public interest.  Doe v. Gangland Prods., Inc., 802 F. Supp. 2d 1116, 1119-20

4  (C.D. Cal. 2011) (quoting Cal. Civ. Proc. Code § 425.16(e)).

5       "A claim for relief filed in federal district court indisputably is a 'statement or writing

6  made before a . . . judicial proceeding.'"  Navellier, 29 Cal. 4th at 90 (quoting Cal. Civ.

7  Proc. Code § 425.16(e)(1)); see also Briggs v. Eden Council for Hope & Opportunity,

8  19 Cal.4th 1106, 1115 (1999) (constitutional right to petition includes "the basic act of

9  filing litigation or otherwise seeking administrative action").  Thus, the question is

10  whether Cross-Claimants' claim for interference with prospective business advantage

11  'arises from' Cross-Defendants' act in furtherance of this right of petition or free speech.

12       "Although a party's litigation-related activities constitute 'act[s] in furtherance of a

13  person's right of petition or free speech,' it does not follow that any claims associated

14  with those activities are subject to the anti-SLAPP statute.  A claim 'arises from' an act

15  when the act 'forms the basis for the plaintiff's cause of action.'  'The "arising from"

16  requirement is not always easily met.'  A cause of action may be 'triggered by' or

17  associated with a protected act, but it does not necessarily mean the cause of action

18  arises from that act."  Freeman v. Schack, 154 Cal. App. 4th 719, 729-30 (2007).  Thus,

19  "[i]n the anti-SLAPP context, the critical consideration is whether the cause of action is

20  based on the defendant's protected free speech or petitioning activity."  Navellier,

21  29 Cal. 4th at 89.

22       In Navellier, the California Supreme Court stated: "[the defendant] is being sued

23  because of the affirmative counterclaims he filed in federal court.  In fact, but for the

24  federal lawsuit and [the defendant's] alleged actions taken in connection with that

25  litigation, plaintiffs' present claims would have no basis.  This action therefore falls

26  squarely within the ambit of the anti-SLAPP statute's 'arising from' prong."  Id. (quoting

27  § 425.16(b)(1)).  Other courts have similarly held that because "the filing of lawsuits is an

28  aspect of the First Amendment right of petition, a claim based on actions taken in

7

1  connection with litigation fall squarely within the ambit of the anti-strategic lawsuit against

2  public participation (SLAPP) statute's 'arising from' prong."  Kurz, 164 Cal. Rptr. 3d at

3  759; see also Seltzer v. Barnes, 106 Cal. Rptr. 3d 290 (2010) ("A statement is 'in

4  connection with' litigation for purposes of an anti-SLAPP . . . motion to strike if it relates

5  to the substantive issues in the litigation and is directed to persons having some interest

6  in the litigation.").

7       The same is true here—the claim against Cross-Defendants arises from the

8  claims they filed in this action.  Cross-Claimants assert no other factual basis for this

9  claim, and but for Cross-Defendants' claims against Cross-Claimants, the claim for

10 interference with prospective business advantage would have no basis.  This, Cross-

11 Defendants have met their initial burden to show that the Cross-Complaint arises from

12 conduct "in furtherance of [a] person's right of petition or free speech under the United

13 States Constitution or the California Constitution in connection with a public issue . . . ."

14 Cal. Civ. Proc. Code § 425.16(b)(1), (e)(4); Navellier, 29 Cal.4th at 87-88.

15      **B.    Statutory Exemptions**

16      Cross-Claimants contend that the commercial speech exemption, codified at that

17 section 425.17(c), exempts their claim from an anti-SLAPP motion.  This statutory

18 exemption to the anti-SLAPP motion was enacted by the Legislature in 2003 to curb the

19 "disturbing abuse" of the anti-SLAPP statute.  Cal. Civ. Proc. Code § 425.17(a).  "This

20 exception statute covers both public interest lawsuits, under subdivision (b), and

21 'commercial speech,' under subdivision (c)."  Club Members For An Honest Election v.

22 Sierra Club, 45 Cal. 4th 309, 316 (2008).  Under subsection (c), causes of action arising

23 from commercial speech are exempt from the anti-SLAPP law when:

24          1) The cause of action is against a person primarily engaged
            in the business of selling or leasing goods or services;

25

26          2) The cause of action arises from a statement or conduct by
            that person consisting of representations of fact about that
            person's or a business competitor's business operations,
27          goods, or services;

28 ///

1

2          3) The statement or conduct was made either for the purpose
           of obtaining approval for, promoting, or securing sales or
           leases of, or commercial transactions in, the person's goods
3          or services or in the course of delivering the person's goods
           or services; and

4          4) The intended audience is an actual or potential buyer or
           customer, or a person likely to repeat the statement to, or
5          otherwise influence, an actual or potential buyer or customer.

6    Weiland Sliding Doors & Windows, Inc. v. Panda Windows & Doors, LLC, 814 F. Supp.

7    1033, 1037 (S.D. Cal. 2011) (citing Simpson Strong-Tie Co. v. Gore, 49 Cal. 4th 12, 30

8    (2010)).

9          Here, the first two requirements are met, as both Cross-Defendants and Cross-

10   Claimants are primarily engaged in the business of selling goods and services, and the

11   statements at issue consist of representations of fact about Cross-Claimant's business

12   operations.  Insurance is explicitly included as a good or service under the statute.

13   Cal. Civ. Proc. Code 425.17(c).  However, Cross-Defendants' statements were not made

14   for "the purpose of obtaining approval for, promoting, or securing . . . commercial

15   transactions" in those services. Weiland Sliding Doors & Windows, Inc., 814 F. Supp. at

16   1037.  Rather, these statements were made in the course of bringing a lawsuit against

17   Cross-Claimants.  Thus, Cross-Claimants do not meet the third requirement of the

18   commercial speech exemption.  Finally, Cross-Claimants do not meet the fourth

19   statutory requirement, as the intended audience was this Court, rather than an actual or

20   potential buyer or customer.  Contrary to Cross-Claimants' assertions in the opposition,

21   the Cross-Complaint contains no allegations that the statements at issue were made to

22   Cross-Claimants' customers, nor are there any allegations that the statements were

23   made for the purpose of obtaining or securing a commercial transaction.

24         Accordingly, Cross-Claimants have not met their burden of demonstrating that the

25   commercial speech exemption applies.  Because Cross-Defendants have met their initial

26   burden under the anti-SLAPP statute, and because the action is not subject to a

27   statutory exemption, the burden shifts to Cross-Claimants to show a reasonable

28   probability of prevailing on their claims

9

1          **C.     Cross-Claimants' Burden**

2          "[T]he [anti-SLAPP] statute does not bar a plaintiff from litigating an action that

3   arises out of the defendant's free speech or petitioning; it subjects to potential dismissal

4   only those actions in which the plaintiff cannot state and substantiate a legally sufficient

5   claim." Hilton, 599 F.3d at 908 (quoting Navellier, 29 Cal. 4th 82).  Accordingly, "[o]nce it

6   is determined that an act in furtherance of protected expression is being challenged, the

7   plaintiff must show a 'reasonable probability' of prevailing in its claims for those claims to

8   survive dismissal." Metabolife Int'l, 264 F.3d at 840 (citing § 425.16(b)).  "To do this, the

9   plaintiff must demonstrate that 'the complaint is legally sufficient and supported by a

10  prima facie showing of facts to sustain a favorable judgment if the evidence submitted by

11  the plaintiff is credited.'" Id. (quoting Wilcox, 33 Cal. Rptr. 2d at 454).  Thus, a

12  defendant's anti-SLAPP motion should be granted when a plaintiff presents an

13  insufficient legal basis for the claims or "when no evidence of sufficient substantiality

14  exists to support a judgment for the plaintiff." Metabolife Int'l, 264 F.3d at 840 (citing

15  Wilcox, 33 Cal. Rptr.3d at 457).  "At this second step of the anti-SLAPP inquiry, the

16  required probability that [Plaintiffs] will prevail need not be high." Hilton, 599 F.3d at 908.

17  "The California Supreme Court has sometimes suggested that suits subject to being

18  stricken at step two are those that 'lack even minimal merit.'" Id. (quoting Navellier,

19  29 Cal. 4th 82).

20         Cross-Defendants contend that the cross-claim is defeated by the litigation

21  privilege, and thus Cross-Claimants cannot show that the claim has even minimal merit.

22  The litigation privilege "grants absolute immunity from tort liability for communications

23  made in relation to judicial proceedings." Jarrow Formulas, 31 Cal. 4th at 737.  "The

24  usual formulation is that the privilege applies to any communication (1) made in judicial

25  or quasi-judicial proceedings; (2) by litigants or other participants authorized by law;

26  (3) to achieve the objects of the litigation; and (4) that have some connection or logical

27  relation to the action." Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 599 (9th Cir.

28  2010).  "The principal purpose of section 47(2) is to afford litigants and witnesses the

                                        10

1   utmost freedom of access to the courts without fear of being harassed subsequently by

2   derivative tort actions." Silberg v. Anderson, 50 Cal. 3d 205, 213 (1990) (citations

3   omitted).

4        "Because the litigation privilege protects only publications and communications, a

5   'threshold issue in determining the applicability' of the privilege is whether the

6   defendant's conduct was communicative or noncommunicative." Lopez Reyes v.

7   Kenosian & Miele, LLP, 525 F. Supp. 2d 1158, 1162 (N.D. Cal. 2007) (quoting Jacob B.

8   v. County of Shasta, 40 Cal.4th 948, 957 (2007)). "The distinction between

9   communicative and noncommunicative conduct hinges on the gravamen of the action."

10  Id. (citing Rubin v. Green, 4 Cal.4th 1187, 1195 (1993); Pac. Gas & Elec. Co. v. Bear

11  Stearns & Co., 50 Cal.3d 1118, 1132 n. 12 (1990)). "[I]f the gravamen of the action is

12  communicative, the litigation privilege extends to noncommunicative acts that are

13  necessarily related to the communicative conduct . . . . Stated another way, unless it is

14  demonstrated that an independent, noncommunicative, wrongful act was the gravamen

15  of the action, the litigation privilege applies." Id.

16       Here, the gravamen of Cross-Claimants' claim is based on the contents of Cross-

17  Defendants' claims in this lawsuit, and the Cross-Complaint specifically states that

18  Cross-Defendants falsely "claimed and communicated" that Cross-Claimants engaged in

19  certain actions, including misappropriation of trade secrets and conspiracy. Thus,

20  Cross-Claimants fail to demonstrate that Cross-Defendants engaged in any conduct

21  outside of asserting allegations against Cross-Claimants in their Complaint. The conduct

22  at issue is therefore communicative, and protected by the litigation privilege. As such,

23  Cross-Claimants fail to state a claim for interference with a prospective business

24  advantage and fail to meet their burden of demonstrating that the claim is legally

25  sufficient. Plaintiffs' Anti-SLAPP Motion to Strike is GRANTED.

26       **D.    Leave to Amend and Attorneys' Fees**

27       The Ninth Circuit has clearly stated that "granting a defendant's anti-SLAPP

28  motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend

11

1  would directly collide with Federal Rule of Civil Procedure 15(a)'s policy favoring liberal

2  amendment." Verizon Del., Inc. v. Covad Commc'ns Co., 377 F.3d 1081, 1091 (9th Cir.

3  2004).  Accordingly, Cross-Claimants are granted leave to amend their Cross-Complaint.

4       Cross-Defendants request attorneys' fees and costs incurred in bringing their

5  respective anti-SLAPP motions.  Mot. at 7.  California's anti-SLAPP statute provides a

6  mechanism for a defendant to strike civil actions or claims brought primarily to chill the

7  exercise of free speech.  Cal. Civ. Proc. Code § 425.16(b)(1).  To deter such chilling, "a

8  prevailing defendant on a special motion to strike shall be entitled to recover his or her

9  attorney's fees and costs." Id. § 425.16(c).  However, when a plaintiff is granted leave to

10  amend the complaint, a defendant whose anti-SLAPP motion is granted is not a

11  "prevailing party" for purposes of the anti-SLAPP statutory framework.  See Thornbrough

12  v. W. Placer Unified Sch. Dist., 2:09-CV-02613-GEB, 2010 WL 3069321 (E.D. Cal.

13  Aug. 3, 2010) (citing Brown v. Electronic Arts, Inc., 2010 WL 2757774, at *6-8 (C.D. Cal.

14  July 13, 2010) (holding that defendant was not a prevailing party where anti-SLAPP

15  motion was granted but plaintiff was provided leave to amend complaint)).

16       Accordingly, Cross-Defendants' request for attorneys' fees is DENIED.

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

12

1

**CONCLUSION**

2

3     For the reasons set forth above, IT IS HEREBY ORDERED THAT:

4     1.     Cross-Defendants' anti-SLAPP Motion to Strike is GRANTED, ECF No. 60;

5     2.     Cross-Defendants' request for attorneys' fees is DENIED, ECF No. 60;

6     3.     Cross-Defendants' Motion to Dismiss is therefore DENIED AS MOOT, ECF

7            No. 61; and

8     4.     Cross-Claimants may file an amended complaint within twenty (20) days of

9            the date of this Memorandum and Order.  If no amended complaint is filed,

10           the cause of action stricken by this Order shall be dismissed with prejudice.

11    IT IS SO ORDERED.

12    Dated:  May 13, 2014

13

14

15                          _____
                            MORRISON C. ENGLAND, JR., CHIEF JUDGE
16                          UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28