1  WILLIAM B. HANLEY (SBN 61409)
2  LAW OFFICES OF WILLIAM B. HANLEY
   5000 Birch Street, Suite 460
3  Newport Beach, California 92660
   Telephone: (949) 263-0040
4  Facsimile:  (949) 263-0077
   Email:  wbh@hanley-law.com
5
   Attorney for Defendants Steele Insurance
6  Agency, Inc., Troy Steele, Larry McCarren,
   Bill Henton and Cindy Jo Perkins
7

8

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11
   FARMERS INSURANCE EXCHANGE, an          )  No. 2:13-cv-00784-MCE-DAD
12 inter-insurance exchange; TRUCK         )
   INSURANCE EXCHANGE, an inter-           )  JOINT STIPULATION AND ORDER
13 insurance exchange; FIRE INSURANCE      )  OF CONFIDENTIALITY
   EXCHANGE, an inter-insurance exchange;  )
14 MID-CENTURY INSURANCE COMPANY,          )
   a corporation; and FARMERS NEW WORLD    )
15 LIFE INSURANCE COMPANY, a               )
   corporation                             )
16                                         )
                  Plaintiffs,              )
17                                         )
          vs.                              )
18                                         )
                                           )
19 STEELE INSURANCE AGENCY,  INC., a       )
   California corporation; TROY STEELE, an )
20 individual; TED BLALOCK, an individual; )
   LARRY MCCARREN, an individual; BILL     )
21 HENTON, an individual; CINDY JO         )
   PERKINS, and individual; and DOES 1     )
22 through 50, inclusive                   )
                                           )
23                Defendants.              )
                                           )
24 ─────────────────────────────────────── )

25

26 / / /

27 / / /

28 / / /

JOINT STIPULATION AND ORDER OF CONFIDENTIALITY

Pursuant to Local Rule 141.1(b)(1), Defendants Steele Insurance Agency, Inc., Troy Steele, Ted Blalock, Larry McCarren, Bill Henton and Cindy Jo Perkins ("Defendants") and Plaintiffs Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, Mid-Century Insurance Company, and Farmers New World Life Insurance Company ("Plaintiffs") hereby stipulate to the following Protective Order regarding certain documents to be produced by the parties, third-parties, attorneys or agents in the above-captioned matter.

I.  PARTICULARIZED NEED FOR PROTECTIVE ORDER

In this matter, Plaintiffs, consisting of five insurers, allege that Defendants (all insurance agents) have violated the California Uniform Trade Secrets Act (Cal. Civ. Code, § 3426 et sq.) by misappropriating what Plaintiffs refer to as "Confidential Policyholder Information" of Plaintiff.  According to Plaintiffs' Second Amended Complaint ("SAC"), Confidential Policyholder Information includes the names, addresses, telephone numbers, social security numbers, driver's license numbers, policy expiration dates, details of the insureds' property, claims history, financial and other information of those insured under Plaintiffs' policies. SAC, ¶ 18.  Of necessity, in discovery in this matter, the parties will be seeking and exchanging such personal and confidential information of customers, since such information is central to the allegations of this case.  Setting the trade secret status of such information aside, insurers and insurance agents alike have a duty to protect such confidential information of customers and clients, thus in and of itself justifying the instant order.  Cal. Ins. Code § 791.13.  In addition, internal manuals relating to agency training and conduct, which Plaintiffs also consider to be trade secret, have been sought in discovery by Plaintiffs.  It is anticipated that the parties may also be seeking other internal reports and memoranda regarding the profits, losses, and business strategies of the parties, which the parties likewise consider to be confidential.

The California legislature has acknowledged the centrality and importance of protective orders in trade secret cases by enacting Cal. Civ. Code § 3426.5, which provides:

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

> In an action under this title, a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval.

The necessity for a court order here, rather than a mere agreement between the parties, is further strengthened by the fact that Plaintiffs, and potentially Defendants, will be seeking discovery of such confidential customer information from third-party insurance companies, not involved in this suit, in order to establish its damages.  The existence of a standing court order, which will serve to protect such third parties who join in it, will be essential to obtaining the cooperation and compliance of such third parties in the provision of policyholder information.  A mere agreement between the parties will be insufficient to permit such third party insurers to provide information regarding customers of which they, like the parties to this suit, have an obligation to maintain the privacy.

## II.   DEFINITIONS

The following definitions apply to this Protective Order.  These definitions are specific to this Protective Order and have no bearing on the interpretation of words used in the parties' agreements at issue in the litigation.

A.   "Designating Party" means any Party or any non-party from whom discovery is sought in this action, invoking the protections of this Protective Order.

B.   "Receiving Party" means any Party who has received discovery from any Party or any non-party to this action.

C.   "Outside Counsel" means the outside counsel of record for each Party, including all attorneys, staff, and clerical and support personnel affiliated with or employed by such outside counsel, as well as copy services, translators, and other similar vendors providing clerical, administrative or litigation support to such outside counsel in connection with this matter.

D.   "In-House Counsel" means in-house counsel for each of the corporate

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

Parties who are attorneys actively involved in this dispute for their employers, as well as their direct clerical, and support staff, copy services, translators, and other similar vendors providing clerical, administrative or litigation support to such In-House Counsel in connection with this matter.

E.     "Party" means every party to this action and every director, officer, employee, and agent of every party to this action.

F.     "Communicate" means disclose, provide, show, or make available in any way to another person or entity.

G.     "CONFIDENTIAL" is a designation that, for purposes of expediency only, may be applied to any document or thing produced in the above-captioned action.  However, if such designation is challenged, the Designating Party shall bear the burden of showing that such document or thing constitutes, contains, or reveals its confidential research, trade secrets, development, technical, commercial, financial, or personnel information relating to its business, whereby the unrestricted disclosure or dissemination of such information to third parties could adversely impact its or a non-party's business, or other information of a confidential, proprietary, private, or personal nature.  Information designated as "CONFIDENTIAL" may only be used and disclosed as provided in this Protective Order.

H.     "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" is a designation that shall be limited to (1) trade secrets or other highly sensitive information that the disclosing Party or any non-party reasonably and in good faith believes will result in significant risk of competitive disadvantage or harm if disclosed to another Party in this action without restriction on use or further disclosure; or (2) any other highly sensitive material upon agreement of the Parties or by order of the Court for good cause shown that disclosure of the material will result in significant risk of competitive disadvantage or harm if disclosed to another Party in this action without restriction on use or further disclosure. Information designated as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may only be used and disclosed as provided in this Protective Order.

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

I.      "Confidential Information" is any document or thing designated with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" legend.

J.      "Copy" means any reproduction, depiction, or sample of any document, material, tangible thing, audio or video tape, computer disk, or information, regardless of format, by photographic, scanning, imaging, recording, manual input, or other electronic, magnetic, optical, or manual reproduction means.

## III.   METHODS OF PROTECTION

A.     <u>Materials Subject to Designation</u>.  Any Party or non-party from whom discovery is sought may designate any of the following as Confidential Information under the terms of this Protective Order: deposition testimony; written discovery; responses to any discovery request; documents and things produced pursuant to the parties' document-production requests, or non-party subpoenas; expert-witness reports; briefs or argument submitted to the Court or from one Party to another; and facilities or other physical locations made available for inspection (and the material inspected within those facilities or other physical locations).  A Party may designate as Confidential Information any document, information, or deposition testimony produced or given by any non-party, or any portion thereof, at any time up to thirty (30) days after actual receipt of copies of the documents by counsel for the Party asserting the confidentiality privilege or, in the case of deposition testimony, at any time up to thirty (30) days after the transcript is received by counsel for the Party asserting the confidentiality privilege by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as Confidential Information.  Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such documents shall be treated as Highly Confidential--Attorneys Eyes Only.

B.     <u>Derivative Materials</u>.  Any extract, summary, compilation or other material derived in whole or in part from Confidential Information shall itself be deemed to be

Confidential Information, and the dissemination and use thereof shall be governed by this Protective Order.

     C.    <u>Manner of Designation of Confidential Information</u>.

        1.    <u>Designation of Documents and Things</u>.  A Designating Party shall designate Confidential Information by placing a clear, permanent legend on each page of any document being designated or, in the case of physical objects, computer disks, or other tangible things, on the thing itself or on the container in which it is produced.  The legend shall bear the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" as appropriate. All documents and things shall be so designated by the Designating Party prior to their production or delivery, except as set forth in Section D.

        2.    To expedite discovery in this action, a Designating Party may make documents and things available for inspection prior to the placement of a legend thereon, without thereby waiving the protections of this Protective Order.  Thus, the Designating Party may advise the requesting Party that some or all of the documents or things to be produced for inspection are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Protective Order and that the information or materials may only be inspected by a Party consistent with the terms of this Protective Order.  After the inspection, the Designating Party may then designate the documents and things by marking them with the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL -ATTORNEYS' EYES ONLY" legend prior to delivery of copies to the requesting Party's counsel.  In such cases, permitting such initial inspections shall not constitute waiver of confidentiality with respect to any document or thing so inspected.

        3.    <u>Designation of Deposition Testimony</u>.  If in the course of a deposition any Confidential Information is used (whether as an exhibit or otherwise) with or elicited from a witness, the portion of the transcript in which

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

such Confidential Information is contained may be designated as Confidential Information under this Protective Order. To so designate such portion of a transcript, the witness (or his/her counsel) or Party intending to invoke this Protective Order shall state on the record that the testimony or portion thereof is being designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY," or alternatively state that the entire testimony is being designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" as appropriate, subject to a good faith obligation to identify any non- confidential portions of the testimony upon receipt of the transcript of the testimony. The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" as appropriate and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY" as appropriate. In the alternative, any Party or the witness (or his/her counsel) may advise all other Parties in writing, and with page and line identifications, of the designation of such testimony, within thirty (30) days after receipt of the transcript of a deposition.

D.   Inadvertent Production or Failure to Designate.

1.   In the event that any document or thing qualifying for designation as Confidential Information is inadvertently produced without the proper designation, the disclosing Party or non-party shall identify such document or thing promptly after its inadvertent production is discovered and provide a copy of such document or thing with the proper designation to counsel for the Receiving Party, upon receipt of which the Receiving Party shall promptly return or destroy all copies of the undesignated document or thing. Upon written request by the Designating Party, the Receiving Party will provide written verification of compliance with this provision.

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

2.      In the event that any document or thing containing or constituting privileged attorney-client communications or work product is inadvertently produced, the disclosing Party or non-party shall notify the Receiving Party promptly after it is discovered that the privileged material or work product was inadvertently produced for inspection or provided, and upon receipt of such notification the Receiving Party shall promptly return to counsel for the disclosing Party or non-party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise of such document or thing.  Nothing herein shall prevent the Receiving Party from contending that any such document or thing was not inadvertently produced, or that privilege or work product was waived for reasons other than the mere inadvertent production thereof, or that no privilege or work product protection ever applied to such document or thing.

3.      In the event that a Receiving Party receives a document or thing containing privileged attorney-client communications or work product that the Receiving Party believes has been inadvertently produced, the Receiving Party shall notify the disclosing Party or non-party promptly after it is discovered that the privileged material or work product may have been inadvertently produced for inspection or provided.  If a disclosing Party or non-party has notified the Receiving Party of inadvertent production hereunder, or has confirmed the inadvertent production called to its attention by the Receiving Party, the Receiving Party shall promptly return to counsel for the disclosing Party or non-party any and all copies of such document or thing and thereafter refrain from any use whatsoever, in this case or otherwise of such document or thing.  Nothing herein shall prevent the Receiving Party from contending that any such document or thing was not inadvertently produced, or that privilege or work product was waived for reasons other than the mere inadvertent production thereof or that no privilege or work product protection ever applied to such document or thing.

E.      <u>Treatment of Confidential Information</u>.

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

1.      "<u>CONFIDENTIAL</u>." All information designated with this legend, and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to, or use of, the Confidential Information of a Party), shall be used only for the purposes of the above-captioned action, and not for any business, commercial or other purpose whatsoever (except as specifically outlined below in Section II(G)).  Such information shall not be Communicated to any person or entity other than:

        a.      Any Party;

        b.      Outside Counsel for any Party;

        c.      In-House Counsel to whom it is necessary to disclose Confidential Information for purposes of the above-captioned action;

        d.      In the case of a corporate Parties, any natural person who is a current or former officer, director or other employee or agent of a Party, but: (i) only to the extent necessary to assist in the conduct or preparation of the above-captioned action; and (ii) only after that individual has been advised by counsel of record of the requirements of this Protective Order and has agreed to be bound by it and in such a case that corporate Party assumes responsibility for ensuring that its current or former officer, director, employee, or agent complies with the terms of this Protective Order;

        e.      Subject to Section F below, any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying expert, provided that Confidential Information shall be disclosed to any such person only to the extent necessary for that person to perform his or her work in connection with the above-captioned action;

        f.      With respect to any particular document that has been designated as "CONFIDENTIAL," the author, addressee, or copyee of that particular

document, or any person who prepared or reviewed that document prior to the date this action was filed;

g.    With respect to any particular document that has been designated as "CONFIDENTIAL," any person who may be referred to in the document, or any potential witnesses who are reasonably believed to have discoverable information that relates to the information designated "CONFIDENTIAL";

h.    Any person who is designated to receive Confidential Information by order of the Court or by written stipulation of the Parties;

i.    The Court, court personnel, any court or deposition reporters or videographers used in connection with the above-captioned action, and any such reporter's support personnel; and

j.    Outside litigation support vendors, including commercial photocopying vendors, scanning service vendors, coders, and keyboard operators who are employed in connection with the above-captioned action.

2.    "<u>HIGHLY CONFIDENTIAL- ATTORNEYS' EYES ONLY</u>."  All information designated with this legend, and all information derived from the information so designated (excluding such information as is derived lawfully from an independent source without reference to, or use of, the Confidential Information of a Party), shall be used only for the purposes of this litigation, and not for any business, commercial, patent prosecution, or other purpose whatsoever (except as specifically outlined below in Section II(G)).  Such information shall not be Communicated to any person or entity other than:

a.    Outside Counsel for any Party;

b.    In-House Counsel to whom it is necessary to disclose Confidential Information for purposes of the above-captioned action;

c.    Subject to Section F below, any person who is expressly retained or sought to be retained by a Party as a consultant or as a testifying

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

expert, provided that such "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information shall be disclosed to any such person only to the extent necessary for that person to perform his or her work in connection with the above-captioned action;

  d. Any natural person who is a current officer, director, or other employee or agent of the Designating Party;

  e. Any person who is designated to receive Highly Confidential--Attorneys' Eyes Only information by order of the Court or by written stipulation of the Parties;

  f. The Court, court personnel, any court or deposition reporters used in connection with this action, and any such reporter's support personnel; and

  g. Outside litigation support vendors, including commercial photocopying vendors, scanning service vendors, coders, and keyboard operators who are employed in connection with the above-captioned action.

F. Outside Experts and Consultants.

  1. Pursuant to subsection E ( 1) and E (2) above, Confidential Information may be communicated to outside experts or consultants retained by a Party in connection with preparation for the above-captioned action or, with respect to any particular document that has been designated as "CONFIDENTIAL" any person who may be referred to in the document, or any potential witnesses who are reasonably believed to have discoverable information that relates to the information designated "CONFIDENTIAL," provided that before any Confidential Information is disclosed to any expert or consultant, the Party seeking to disclose such information shall provide a copy of this Protective Order to the proposed expert or consultant and shall cause that person or entity to execute a Confidentiality Agreement in the form

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

attached hereto as Exhibit A.  The signed Confidentiality Agreement shall be provided to the Designating Party upon agreement of the Parties or by order of the Court for good cause shown.

2.     Before any information designated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" is disclosed to any expert or consultant, the Party seeking to disclose such information shall provide the Designating Party with (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae of the person; and (iv) an identification of any work performed for or on behalf of the other party by that person within the five (5) year period before the filing of the above-captioned action.  Within five (5) business days of receipt of this information, the Designating Party may object to the proposed outside expert or consultant on any reasonable basis.  If objection to disclosure is made within the time required, the parties shall meet and confer within five (5) business days; and, if not resolved, the Designating Party shall move for a protective order precluding the disclosure of the information to the designated expert or consultant within five (5) business days after completion of the meet and confer.  Where objection is made, no such information shall be disclosed to the consultant or expert until the day after the last day to file a motion for a protective order (where no protective order is sought), or upon entry of the Judge's order denying the producing party's motion for protection.  Failure to object to a proposed outside expert or consultant shall not preclude the non-objecting party from later objecting to continued access by that outside expert or consultant where facts suggesting a basis for objection could not have been discovered by the objecting party or its counsel, exercising due diligence, within the period for making a timely objection.  If a later objection is made, no further "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information shall be disclosed to the outside expert or consultant until the matter is resolved by the Judge or the producing party withdraws its objection.

G.     <u>Persons Referenced in a Document and Potential Witnesses Who May</u>

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

<u>Have Discoverable Information</u>.  Pursuant to subsection E (1) and E (2) above, Confidential Information may be communicated to any person who may be referred to in a particular document that has been designated as "CONFIDENTIAL," or any potential witnesses who are reasonably believed to have discoverable information that relates to the information designated "CONFIDENTIAL," provided that before any Confidential Information is disclosed to such person, the Party seeking to disclose such information shall provide a copy of this Protective Order to such person shall cause that person to execute a Confidentiality Agreement in the form attached hereto as Exhibit A.  The signed Confidentiality Agreement shall be provided to the Designating Party upon agreement of the Parties or by order of the Court for good cause shown.

H.   <u>Request for Additional Disclosure</u>.  If any counsel of record desires to Communicate a Designating Party's Confidential Information to any person other than those otherwise permitted access to such information under the terms of this Protective Order, such counsel shall first obtain written consent of the Designating Party or the Judge authorizing such disclosure.  Except as expressly agreed in writing by the Designating Party or ordered by the Judge, each person to whom the Confidential Information is to be communicated pursuant to this paragraph must execute a written Confidentiality Agreement, in the form attached hereto as Exhibit A.

I.   <u>Maintenance of Designated Information</u>.  Counsel to the parties in the above-captioned action and those persons to whom disclosure is permitted under the terms of this Protective Order who have received Confidential Information that is provided pursuant to this Protective Order shall maintain such Confidential Information in a secure and safe location and shall exercise due and proper care with respect to the storage, custody, use, and disposal of all Confidential Information, so as to prevent the unauthorized or inadvertent disclosure of any of it.  Nothing herein imposes any affirmative obligations on the Court or court personnel, who are subject to the Court's internal procedures regarding the handling of material filed or lodged under seal.

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

J.      <u>Stenographers and Videographers</u>.  Any stenographer or videographer shall be entitled to hear Confidential Information and receive and handle exhibits containing Confidential Information as necessary or appropriate for the performance of his or her duties, provided that either (a) the stenographer or the videographer, or (b) the company or business providing stenographic or videographic services, has been provided with a copy of this Protective Order, or its terms have been communicated to them, and they have orally or in writing agreed to maintain the confidentiality of Confidential Information consistent with the terms of this Protective Order.  The stenographer may allow a deponent (or his or her counsel) to review the original transcript or may deliver the original transcript for such review to the attorney for a deponent, if that attorney has executed and delivered to the Party's counsel of record a Confidentiality Agreement in the form attached hereto as Exhibit A or is one of the Outside Counsel or In-House Counsel defined above.

## IV.     **ADDITIONAL PROVISIONS**

A.      <u>Filing Documents with the Court</u>.  In accordance with Local Rule 141, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential Information' the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) under seal; and the application shall be directed to the judge to whom the papers are directed.  For motions, the parties shall publicly file a redacted version of the motion and supporting papers.

B.      <u>No Effect on Party's Own Use</u>.  A Designating Party's designation of information as Confidential Information shall not affect its own right to Communicate or use any of its information so designated.

C.      <u>Information Excluded From This Protective Order</u>.  The restrictions set forth in this Protective Order shall not apply to any information which the Receiving Party can demonstrate:

1.      is available to the public at the time of disclosure hereunder; or

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

2.   becomes available to the public after disclosure hereunder through no act, or failure to act, by the Receiving Party.

D.   <u>Additional Parties</u>.  In the event additional parties join or are joined in this litigation, they shall be deemed to have executed, and agreed to be bound by, this Protective Order.

E.   <u>No Legal Effect of Confidentiality Designations</u>.  The designation by a Designating Party of any document, material, tangible thing, or information as Confidential Information is intended solely to facilitate discovery in the above-captioned action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by a Receiving Party that the designated disclosure constitutes or contains any trade secret or proprietary information.

F.   <u>Legal Process Seeking Production of Confidential Information</u>.  In the event a Receiving Party is served with legal process seeking production of Confidential Information obtained through discovery and protected under the terms of this Protective Order, the Receiving Party shall promptly notify the Designating Party or non-party whose material is sought of the service of legal process, as well as provide the Designating Party or non-party a copy of the legal process.  The Designating Party or non-party may then seek relief as deemed appropriate.  However, nothing in this Protective Order is intended or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

G.   <u>Final Disposition of Litigation</u>.  Upon the conclusion of the above-captioned action, including confirmation of the judgment, each counsel of record shall: (a) within forty-five (45) days return to counsel of record for the Designating Party, or confirm to the Designating Party the destruction of all Confidential Information provided by that Designating Party, and all copies made of such materials; and (b) within forty- five (45) days destroy or see to the destruction of all materials related to Confidential Information, including, but not limited to notes, analyses, memoranda, or reports provided to or by other persons, and certify to the Designating Party that such destructions have been done.  As an

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

1  exception to the above, counsel of record may retain a single file copy of any document
2  filed with the Court, a copy of any written discovery response, a transcript of any deposition
3  or trial, along with all exhibits to that transcript, and a copy of any notes, analyses,
4  memoranda or other work product prepared by counsel, the Parties, witnesses, or experts
5  retained in the Litigation.  Upon the conclusion of the above-captioned action, including
6  confirmation of the judgment, counsel of record may not disclose these retained documents
7  to any individual or entity, including, but not limited to, the Parties.  Counsel of record shall
8  immediately notify opposing counsel of record or counsel for the Designating Party of any
9  attempt by third parties to inspect or copy said documents.

   H.   <u>Motion for Relief from Designation</u>.  If, after a Party receives information
10 designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
11 ONLY," it appears to the Receiving Party that any such information is not entitled to the
12 protection afforded under this Protective Order, such Receiving Party shall first notify
13 counsel of record for the Designating Party, in writing, providing its reasons for challenging
14 the designation.  Any motion challenging the designation will be governed by Local Rule
15 141.1, as well as all other applicable rules and laws.  The Designating Party shall bear the
16 burden of proving that the designated information warrants its designated level of protection
17 under this Protective Order, which may include showing the information constitutes,
18 contains, reveals, or reflects trade secrets or other confidential research, development,
19 commercial, financial, or personnel information that relates to the Designating Party's
20 business or that was disclosed to it in confidence by any third party, and that disclosure of
21 the designated information to competitors, customers, or others (including the general
22 public) would adversely prejudice the Designating Party or its business or would violate an
23 obligation of confidentiality to a third party.  No Party to this action, however, shall be
24 obligated to challenge the propriety of any designation by any other Party or non-party, and
25 a failure to do so shall not constitute a waiver or in any way preclude a subsequent
26 challenge in this or any other action of the propriety of such designations.

27
28

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

I.   <u>Survival of Terms</u>.  Absent written modification by the Parties, the provisions of this Protective Order that restrict the disclosure and use of Confidential Information shall survive the final disposition of this matter and continue to be binding on all persons and entities subject to the terms of this Protective Order.

J.   <u>Effect on Discovery</u>.  This Protective Order shall not preclude or limit the right of any Party to object to or resist discovery on any ground that would otherwise be available, except that no Party shall object to or resist discovery conducted in accordance with this Protective Order on the ground that such information is of a sensitive, trade secret or confidential nature.  This Protective Order shall not relieve the Party of the necessity of proper response or objection to discovery requests.  This Protective Order shall be without prejudice to the right of the Parties to bring before the Court at any time the question of whether any particular document or information constitutes Confidential Information.  This Protective Order shall not be deemed to prejudice the Parties in any way in any future application or modification of the Protective Order.

K.   <u>Modification</u>.  This Protective Order may be modified by further order of the Court.  Counsel for all Parties and any other Designating Party who has designated any documents or information as Confidential Information may execute a stipulation modifying this stipulation.  However, no amendment or modification pursuant to such a stipulation shall have the force or effect of a Court order unless the Court approves the amendment or modification.

L.   <u>Entire Agreement</u>.  This Protective Order contains the entire agreement and understanding between the parties with respect to the Protective Order's subject matter.  This Protective Order completely replaces and supersedes any prior understanding or agreement between the parties with respect to this Protective Order's subject matter.

M.   <u>Submitting to the Jurisdiction of the Court</u>.  Outside Counsel, In-House Counsel, the Parties, and every person to whom Confidential Information is disclosed pursuant to the terms of this Protective Order agrees to submit to the *in personam*

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

jurisdiction of the United States District Court, .Central District of California solely for purposes of enforcing his or her obligations under this Protective Order.

N.    Violation of Order.  The Parties stipulated that this Protective Order shall be entered by United States District Court, Central District of California and may be enforced according to its terms by the Court.  The Parties further stipulated that in the event of any violation or threatened violation of this Protective Order, the Court may impose any civil or criminal penalties that would otherwise be available if that Court had entered the Protective Order in the first instance, including, but not limited to, injunctive relief and/or an order in aid of litigation against any Party, person, or entity violating or threatening to violate this Protective Order.  The Party, person, or entity committing or threatening to commit such violation shall not argue or otherwise employ as a defense that the Designating Party has an adequate remedy at law.  Notwithstanding Local Rule 141.1(f), the Court will retain jurisdiction over the enforcement of the stipulated protective order after the termination of the lawsuit.

Effective Date.  This Protective Order shall become effective among the parties when executed, with or without the Court's entry of the same.


IT IS SO STIPULATED.


Dated:  May 8, 2014                                    BARGER & WOLEN LLP


                                        By:   /s/ Michael A.S. Newman_____
                                               ROYAL F. OAKES
                                               MICHAEL A.S. NEWMAN
                                               JAMES C. CASTLE
                                               Attorneys for Plaintiffs Farmers
                                               Insurance Exchange, Truck
                                               Insurance Exchange, Fire Insurance
                                               Exchange, Mid-Century Insurance
                                               Company and Farmers New World
                                               Life Insurance Company

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

Dated:  May 30, 2014                    LAW OFFICES OF WILLIAM B.
                                        HANLEY


                                        By:  */s/ William B. Hanley*
                                             WILLIAM B. HANLEY
                                             Attorneys for Defendant Steele
                                             Insurance Agency Insurance
                                             Exchange, Troy Steele, Larry
                                             McCarren and Bill Henton


Dated:  July 24, 2014                   READ & ALIOTTI PC


                                        By:  */s/ Michael B. Read*
                                             MICHAEL B. READ
                                             Attorneys for Defendant Ted
                                             Blalock


                              **ORDER**


          Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated:  July 29, 2014


                              _____
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE


Ddad1\orders.civil
farmers0784.stip.prot.ord.doc

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**

**EXHIBIT A**

<u>CONFIDENTIALITY AGREEMENT</u>

I, _____ , declare under penalty of perjury under the laws of the United States and California that:

1.      My address is

_____.

2.      My present employer is

_____.

3.      My present occupation or job description is _____.

4.      I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order in the matter of *Farmers Insurance Exchange, et. al. v. Steele Insurance Agency, Inc., et al.,* Case No. 2:13-CV-00784-MCE-DAD, pending before the United States District Court, Central District of California; that I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order except in accordance with the Protective Order; that I will comply with and be bound by the terms and conditions of the Protective Order; and that I hereby submit to the jurisdiction of the United States District Court, Central District of California solely for the purposes of enforcement of the Protective Order.

5.      I understand and agree that, pursuant to the Protective Order, I am required to retain all Copies of any of the materials that I receive that have been so designated as containing Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with this Protective Order, and that all Copies are to remain in my custody until they are to be returned or destroyed as specified in the Protective Order. I acknowledge that such return or the destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

Dated: _____                _____

                                           (Signature)

**JOINT STIPULATION AND ORDER OF CONFIDENTIALITY**